IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE CO., | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| JULIO CESAR RODRIGUEZ, ADRIAN GONZALEZ, CINDY ROEL, AS NEXT FRIEND FOR ADG, DEANNA GONZALEZ, AND RAUL GONZALEZ, SR., INDIVIDUALLY AND OBO THE ESTATE OF RAUL GONZALEZ, | § § § § § § § § § | |
| DEFENDANTS. | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff State Auto Property and Casualty Insurance Company ("Plaintiff" or "State Auto") files this Original Complaint for Declaratory Judgment against Julio Cesar Rodriguez ("Rodriguez"), as well as Adrian Gonzalez; Cindy Roel, as next friend for ADG; Deanna Gonzalez; and Raul Gonzalez, Sr., individually and OBO the Estate of Raul Gonzalez (the Gonzalezes and Ms. Roel are collectively referred to herein as the "Underlying Plaintiffs").

### I.
### NATURE OF THE ACTON

1.  State Auto brings this action seeking a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2.  This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under an insurance policy issued by State Auto to Burggraf Services Inc. dba Burggraf Disaster Restoration ("Burggraf") in

connection with an underlying lawsuit filed on or about August 21, 2019, styled Cause No. C-3610-19-E; *Adrian Gonzalez, Cindy Roel, as Next of Friend for ADG, Deanna Gonzalez, and Raul Gonzalez, Sr. individually and OBO the estate of Raul Gonzalez v. Julio Cesar Rodriguez;* In the 275th Judicial District of Hidalgo County, Texas (the "Underlying Lawsuit").

3. State Auto seeks a declaration that it does not owe a duty to defend or a duty to indemnify Julio Cesar Rodriguez ("Rodriguez") for the Underlying Lawsuit brought by the Underlying Plaintiffs.

## II.
## PARTIES

4. State Auto is an insurance company organized under the laws of the State of Ohio, with its principal place of business at 518 East Broad Street, Columbus, Ohio, 43215, and is therefore considered a citizen of Ohio for diversity purposes.

5. Defendant, Julio Cesar Rodriguez, is an individual and a citizen of Texas residing at 3004 N. Spanish Palms Dr., Mercedes, TX 78570.

6. Defendant, Adrian Gonzalez, is an individual and a citizen of Texas residing at 122 Indiana St., Harlingen, TX 78552.

7. Defendant, Cindy Roel, as next friend for ADG, is an individual and a citizen of Texas residing at 702 M St., Harlingen, TX 78550.

8. Defendant, Deanna Gonzalez, is an individual and a citizen of Texas residing at 126 Indiana St., Harlingen, TX 78552.

9. Defendant, Raul Gonzalez, Sr., individually and OBO the Estate of Raul Gonzalez, is an individual and a citizen of Texas residing at 126 Indiana St., Harlingen, TX 78522.

## III.
## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because it involves a dispute between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. Venue is appropriate in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) and (c), because it is the judicial district where all Defendants reside.

## IV.
## FACTUAL BACKGROUND

### A. The Policy

12. State Auto issued a Business Auto Policy to "Burggraf Services Inc. dba Burggraf Disaster Restoration" ("Burggraf") numbered BAP 2190231 11 for the policy period from April 1, 2018 to April 1, 2019 (the "Policy"). Subject to its terms, conditions, and exclusions, the Policy provides business auto coverage, subject to a $1,000,000 limit for each accident.

### B. The Underlying Lawsuit

13. The Underlying Plaintiffs filed their Original Petition in the Underlying Lawsuit on or about August 21, 2019 (the "Petition"). The Petition describes a car accident that occurred on June 23, 2018 involving a 2006 Toyota Scion, in which the Scion swerved left and slammed into an abandoned Chevy Cobalt. The Petition further alleges that the Scion was being driven by Rodriguez. Passenger Raul Gonzalez, Jr. died as a result of the collision, and passenger Adrian Gonzalez suffered serious bodily injuries. Raul Gonzalez, Sr. and Deanna Gonzalez were the parents of the deceased, Raul Gonzalez, Jr. His widow is Cindy Roel, and his minor daughter is Aubrey D. Gonzalez, represented as next friend by Cindy Roel.

14. The Petition includes claims brought pursuant to the Texas Wrongful Death Act and the Oklahoma Wrongful Death Act, as well as Negligence and Gross Negligence against Rodriguez.

15. The Petition seeks damage of "over $1,000,000.00 but not more than $10,000,000.000" against Rodriguez for past and future medical care and expenses, past and future physical pain and suffering, past and future loss of earnings, past and future loss of household services, and past and future mental anguish.

16. As of the filing of this Complaint, the Petition has not been served on Rodriguez. However, a copy of the file-stamped Petition was provided to State Auto by counsel for the Underlying Plaintiffs.

17. The Underlying Plaintiffs have asserted through counsel a mistaken belief that Rodriguez is insured under the Policy issued to Burggraf, and demanded money from State Auto. However, Rodriguez is not an insured under the Policy.  Rodriguez was not employed by Burggraf and was not using the Toyota Scion with Burggraf's permission.  As an unlicensed driver, Rodriguez was expressly told by Burggraf not to ever drive the Scion under any circumstances.

## V.
## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

18. State Auto incorporates by reference the allegations of all foregoing paragraphs of this Complaint.

19. Subject to its terms, conditions, and exclusions, the Policy's Liability Coverage provides that State Auto will pay those sums an "insured" legally must pay because of "bodily injury" or "property damage" to which the insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."  Subject to the Policy's

terms, conditions, and exclusions, State Auto has a duty to defend any "insured" against any "suit" asking for such damages. However, State Auto has no duty to defend any "insured" against any "suit" seeking damages for "bodily injury" or "property damage" to which the insurance does not apply.

20. The Policy further specifies that "insureds" include Burggraf who is the Named Insured to whom the Policy was issued, and anyone else using a covered "auto" that Burggraf owns, hires or borrows with Burggraf's permission.

21. Because Rodriguez was not using the subject Toyota Scion with Burggraf's permission, Rodriguez does not constitute an insured under the Policy—contrary to the assertions of the Underlying Plaintiffs. As such, State Auto has no duty to defend or indemnify Rodriguez in connection with the Underlying Lawsuit.

22. There is an actual controversy among the parties regarding the scope of coverage provided by the Policy, and the controversy is ripe for determination as a matter of law.

23. Pursuant to 28 U.S.C. § 2201, State Auto is therefore entitled to a declaratory judgment that the Policy does not provide coverage for the amounts sought by the Underlying Plaintiffs from Rodriguez in the Underlying Lawsuit and that State Auto has no duty to defend or indemnify Rodriguez for any settlement or judgment that he may be legally obligated to pay as a result of the Underlying Lawsuit.

## VI.
## PRAYER FOR RELIEF

State Auto respectfully requests that the Court enter a judgment in its favor and against Defendants:

(1) declaring that the Policy provides no policy benefits for the amounts for which the Underlying Plaintiffs seek recovery from Rodriguez in the Underlying Lawsuit;

(2) declaring that State Auto has no duty to defend Rodriguez in connection with the Underlying Lawsuit; and

(2) declaring that State Auto has no duty to indemnify Rodriguez in connection with the Underlying Lawsuit; and

(3) awarding State Auto its attorneys' fees, costs, and such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By: */s/ Thomas M. Spitaletto*
J. Price Collins
State Bar No. 04610700
Southern District Bar No. 20404
price.collins@wilsonelser.com
Thomas M. Spitaletto
State Bar No. 00794679
Southern District Bar No. 19389
thomas.spitaletto@wilsonelser.com
WILSON ELSER MOSKOWITZ
   EDELMAN & DICKER LLP
901 Main Street, Suite 4800
Dallas, TX 75202-3758
Telephone: 214-698-8000
Fax: 214-698-1101
**ATTORNEYS FOR PLAINTIFF STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.**